UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MARSHALL BANK, N.A., )
                     Plaintiff, )
    v. )
NOOKSACK BUSINESS )
CORPORATION II, and NOOKSACK )
INDIAN TRIBE )
                     Defendants. )
_____)

No. C09-1245-RSL

ORDER REMANDING CASE

        This matter comes before the Court on "Plaintiff's Motion for Remand." (Dkt. #4). Defendants, a tribal corporation and an unincorporated Indian tribe, filed a Notice of Removal in this matter originally brought in the Superior Court of Washington for Whatcom County. Plaintiff timely submitted its motion for remand, alleging defendants' removal to federal court to be defective on its face. Having reviewed the documents and applicable statutes, the Court remands the matter to Whatcom County Superior Court.

**Removal and Remand**

        The removal statute, 28 U.S.C. § 1441, is construed restrictively: any doubts regarding the removability of a case will be resolved in favor of remanding the matter to state court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

        Defendants' Notice of Removal alleges federal subject matter jurisdiction solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). To this end, it alleges defendants are

ORDER REMANDING CASE

"a tribal corporation with its principal place of business in Whatcom County, Washington" and a "federally-recognized Indian tribe located in Whatcom County, Washington." (Dkt. # 1)

The removal statute states at 28 U.S.C. § 1441(b) that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Nooksack Business Corporation II is a corporation with its principal place of business in Washington State and therefore a citizen of Washington State for the purposes of determining federal jurisdiction. See Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 724 (9th Cir. 2008). Thus, removal is clearly not permissible under the statute.

Further, regardless of the removal statute, any alleged diversity between the parties is destroyed because Nooksack Indian Tribe, as an unincorporated Indian tribe, is not a citizen of any state within the meaning of the federal diversity statute and therefore "cannot sue or be sued in diversity." Am. Vantage Cos. v. Table Mountain Rancheria, 292 F.3d 1091, 1091 (9th Cir. 2002); Cohen's Handbook of Federal Indian Law § 7.04 (2005). For both of these independent reasons, this Court lacks subject matter jurisdiction and must remand.

**Costs and Expenses**

Plaintiff seeks an award of just costs and actual expenses incurred, including attorney fees, under 28 U.S.C. § 1447(c). The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005). Therefore, an award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal. Id. Here, defendants lacked any objectively reasonable basis to remove this case.[1] As such, an award of just costs and actual expenses

---

[1] Defendants' Opposition to Motion to Remand (Dkt.#2) characterizes the case for removal as "fairly debatable," yet inexplicably cites caselaw which supports plaintiff's rather than their own position. Further, the fact that a petition for certiorari is pending before the Supreme Court in Cook v. Avi Casino Enters., Inc., 548 F.3d 718 (9th Cir. 2008), a case which

ORDER REMANDING CASE        -2-

incurred, including attorney fees, is appropriate.

There being no basis for the exercise of federal jurisdiction, this matter will be remanded to Whatcom County Superior Court. Plaintiff shall, within five days from the date of this Order, file a statement of just costs and actual expenses, including attorney fees, incurred as a result of the removal as permitted under 28 U.S.C. § 1447(c). The Clerk of Court is directed to note the request for fees and costs on its calendar for October 20, 2009.

Dated this 13th day of October, 2009.

　　　　　　　　　　　　　　　/s/ Robert S. Lasnik

Robert S. Lasnik
United States District Judge

---

does not appear to address the jurisdictional issues now before the Court, does not justify leaving the case in federal court based on a remote possibility of a change in the law.